```
                    IN THE UNITED STATES DISTRICT COURT

                  FOR THE EASTERN DISTRICT OF CALIFORNIA


Robert RAYMOND,                      )   2:12-cv-02215-GEB-EFB and
                                     )   related cases:
          Plaintiff,                 )   2:12-cv-02217-GEB-EFB
                                     )   2:12-cv-02219-GEB-EFB
     v.                              )   1:12-cv-01407-GEB-EFB
                                     )   1:12-cv-01408-GEB-EFB
Barbara HOWARD, Sheldon D.           )   1:12-cv-01412-GEB-EFB
Johnson, Jim McCauley, Kammi         )   2:12-cv-02220-GEB-EFB
Foote, Lee Lundigran, Ken Baird,     )   2:12-cv-02221-GEB-EFB
Sheryl Thur, Austin Erdman,          )   2:12-cv-02222-GEB-EFB
Kathy Darling Allen, Beverly         )   2:12-cv-02223-GEB-EFB
Ross, Freddie Oakley, and            )   2:12-cv-02225-GEB-EFB
Kathleen Williams,                   )   2:12-cv-02259-GEB-EFB
                                     )
          Defendants.                )   CERTIFICATION THAT THE
                                     )   CONSTITUTIONALITY OF STATUTES
                                     )   ARE CHALLENGED; AND ORDER
                                     )   CONTINUING HEARINGS AND CASE-
                                     )   MANAGEMENT CONFERENCE
_____     )
```

The undersigned United States District Judge certifies under 28 U.S.C. § 2403(b) to **the Attorney General of the State of California, THE HONORABLE KAMALA D. HARRIS**, that Plaintiff challenges in each above action the constitutionality of California Election Code §§ 102, 104, and 9022. Plaintiff sues various county-clerk registrars, alleging that these statutes are unconstitutional under the First and Fourteenth Amendments to the United States Constitution "to the extent the statutes require those who circulate nominating petitions on behalf of political candidates to be qualified to vote in the [S]tate of California." (Compl. ¶ 2, ECF No. 2.)

28 U.S.C. § 2403(b) prescribes:

> In any action . . . in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the

1

|   |   |
|---|---|
| 1 | court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence . . . and for argument on the question of constitutionality. |

**Further, to ensure that the Attorney General receives this certification, the Clerk of Court shall serve a copy of this certification on the Attorney General under Federal Rule of Civil Procedure 5.1(a)(2), which is applicable to such service by a party, as follows: "either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose."**

Further, the hearing on each Defendant's motion for compulsory joinder scheduled to commence at 9:00 a.m. on December 3, 2012, is continued to February 25, 2013 commencing at 9:00 a.m. The hearing on Plaintiff's motions for judgments on the pleadings scheduled to commence at 9:00 a.m. on December 3, 2012, is continued to June 3, 2013, commencing at 9:00 a.m. Lastly, the Status Conference scheduled in each above action is continued to August 5, 2013, commencing at 9:00 a.m; a joint status report shall be filed fourteen days before this hearing.

Dated: November 20, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge